﻿Citation Nr: AXXXXXXXX
Decision Date: 09/26/19 Archive Date: 09/26/19

DOCKET NO. 190321-4338
DATE: September 26, 2019

REMAND

Entitlement to service connection for an acquired psychological disorder is remanded.

REASONS FOR REMAND

The Veteran served in the United States Marine Corps from February 1973 to June 1973.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a March 2019 rating decision from a Regional Office (RO) for the Department of Veterans Affairs (VA).

On August 23, 2017, the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA), was signed into law. This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review.

In March 2019, the Veteran submitted his decision review request for a Board appeal, and specifically selected the direct review lane. Therefore, the Board is limited to review of the evidence in the record up and until the date of the rating decision on appeal; March 6, 2019.

1. Acquired Psychiatric Disorder

The Veteran contends his psychiatric disability is connected to his time in service. Specifically, he believes his conditions arose from the false accusations of theft he was blamed for while in boot camp.

The Veteran was initially denied entitlement to service connection for three separate issues: posttraumatic stress disorder, depression, and unspecified psychotic disorder. The United States Court of Appeals for Veterans Claims has held that such claims encompass claims of entitlement to service connection for all psychiatric disabilities. Clemens v. Shinseki, 23 Vet. App. 1, 5 (2009) (holding that when a claimant makes a claim, he is seeking service connection for symptoms regardless of how those symptoms are labeled). Therefore, in accordance with Clemens, the issue has been recharacterized as a single claim for an acquired psychiatric disorder.

The record shows that the Veteran has been seeking treatment for depression since at least January 2007 and was referred to a mental health counselor for continued treatment.

In March 2017 the Veteran underwent a VA examination for mental disorders. This examination confirmed a mental disorder diagnosis of an unspecified psychotic disorder. The examiner noted that the Veteran was discharged for an adjustment disorder and began seeking mental health treatment after being released from prison in 2005. The Veteran’s symptoms included a depressed mood, anxiety, suspiciousness, mild memory loss, such as forgetting names, directions or recent events, and impaired judgment. 

After assessing the results of the examination, the examiner found that while the Veteran met the criteria for a diagnosis of a psychotic disorder, it was difficult to pinpoint the time when his symptoms began due to the Veteran’s lack of seeking treatment. Therefore, the examiner stated that it was less likely than not that his diagnosis is the result of service.

In June 2017 the Veteran participated in a VA examination for posttraumatic stress disorder. This examiner provided the diagnosis for unspecified personality disorder, along with cocaine use disorder and alcohol use disorder. The examiner stated that the Veteran did not meet the criteria for posttraumatic stress disorder but does meet the criteria for an unspecified personality disorder. However, the examiner did not provide an opinion as to the etiology of the Veteran’s disability. 

Finally, in December 2018, the Veteran submitted a disability benefits questionnaire completed by a private physician for mental disorders. Again, the Veteran’s diagnosis was listed as unspecified personality disorder and he was found to suffer from symptoms such as depressed mood, anxiety, suspiciousness, chronic sleep impairment, impaired judgment and impaired abstract thinking. The physician found that the Veteran’s mental condition is more likely than not related to the incident the Veteran experienced while he was in the Marine Corps. He found that the Veteran felt violated, betrayed and was unable to trust his superiors and fellow soldiers after the incident.

The Board notes that personality disorders are congenital defects that are not diseases or injuries within the meaning of applicable legislation for VA disability compensation purposes and, therefore, cannot be service connected even on the basis of in-service aggravation. 38 C.F.R. §§ 3.303(c), 4.9, 4.127 (2016). 

Defects are defined as structural or inherent abnormalities or conditions which are more or less stationary in nature. VAOPGCPREC 82-90, 55 Fed. Reg. 45,711 (1990). Congenital or developmental defects, such as personality disorders, automatically rebut the presumptions of soundness and therefore are valid to have preexisted service. 38 C.F.R. §§ 3.303(c), 4.9; Quirin v. Shinseki, 22 Vet. App. 390, 397 (2009); Winn v. Brown, 8 Vet. App. 510, 516 (1996) (holding that the Secretary’s exclusion of personality disorders form “diseases” or “injuries” as a congenital or developmental defect, such that the presumption of soundness does not apply, to be a valid exercise of the authority granted to the Secretary). As such, service connection for personality disorders, whether on a direct basis or by aggravation, is prohibited. 61 Fed. Reg. 52,695.

However, 38 C.F.R. § 4.127 (2016) provides that disability resulting from a mental disorder that is superimposed upon a personality disorder may be service connected. In addition, in accordance with 38 C.F.R. § 3.310(a), personality disorders that result from service-connected disabilities may be service connected on a secondary basis. See also VAOPGCPREC 82-90, 55 Fed. Reg. 45,711 (noting that congenital and developmental defects can be subject to superimposed disease or injury such that service connection may be granted where the superimposed disease or injury occurs during service); 61 Fed. Reg. 52,695 (explaining that except as provided in § 3.310(a), § 4.127 was added to reinforce the principle that organic personality disorders that develop secondary to head trauma, epilepsy, etc., will be service connected secondary to these conditions). Therefore, while 38 C.F.R. §§ 3.303(c), 4.9, and 4.127 prohibit any grant of service connection for a personality disorder, even if aggravated in service, the Veteran’s other diagnosed psychiatric disorders may provide a basis for service connection if the evidence shows these disorders were superimposed upon his diagnosed personality disorder.

While the most recent VA examination and DBQ only show a diagnosis of unspecified personality disorder, the Veteran’s treatment record shows a history of other diagnoses. Thus, at some point during the period on appeal, the Veteran did have other mental disorders that need to be determined whether any of those are superimposed on the Veteran’s personality disorder.

This matter is REMANDED for the following action:

1. Identify all outstanding treatment records relevant to treatment for an acquired psychiatric disorder. All identified VA records should be added to the claims file. All other properly identified records should be obtained if the necessary authorization to obtain the records is provided by the Veteran. If any records are not available, or the Veteran identifies sources of treatment but does not provide authorization to obtain the records, appropriate action should be taken (see 38 C.F.R. § 3.159(c)-(e)), to include notifying the Veteran of the unavailability of the records.

2. Schedule the Veteran for a VA mental disorders examination to determine if he currently has a psychological disorder for VA purposes. The electronic record, including a copy of this remand, should be provided to the examiner in connection with this examination, and the examiner should indicate that the Veteran’s records have been reviewed. All necessary studies or tests, including appropriate psychological testing and evaluation, is to be accomplished.

The examiner is requested to provide responses to the following questions:

(a) Identify (by diagnosis) each psychiatric disability found during the period on appeal, to include the mood disorder and depression noted in VA treatment records (and, regarding each, note whether it is a developmental or congenital (to include personality disorder) disability or a chronic acquired one).

(Continued on the next page)

 

(b) Identify the most likely etiology for each psychiatric disability diagnosed. Specifically, is it at least as likely as not (a 50% or better probability) that such disability, including the mood disorder and depression noted in VA treatment records, was incurred or aggravated during the Veteran’s active service? Specifically, is it at least as likely as not (a 50% or better probability) that an acquired psychiatric disability was superimposed during service on the personality disorder noted therein?

The examiner must explain the rationale for all opinions, citing to relevant evidence, supporting factual data, and medical literature, as appropriate.

 

 

H. SEESEL

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board E. Iannone, Attorney Advisor

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.